IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUNE E. HAMER, ) | |
| ) | |
| Plaintiff, ) | No. 3:11-cv-00521 |
| ) | Judge Trauger |
| v. ) | Magistrate Judge Griffin |
| ) | JURY DEMAND |
| ST. THOMAS HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

A.  JURISDICTION:

The court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

B.  BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF

The Defendant terminated the Plaintiff's employment because of her age in order to hire a substantially younger, albeing lesser qualified, individual in violation of the Age Discrimination in Employment Act ("ADEA"). The Defendant purposefully reclassified the Plaintiff's position and included a nonessential job requirement in order to cause the Plaintiff to appear not qualified for the position, in order to hire the younger person, despite the fact that the Plaintiff was more qualified than the younger person and performing the job well.

The Plaintiff was hired by the Defendant on October 6, 2008 as the RN Diabetes Educator in the Diabetes Center/CD-Med Department ("CDMED"). Plaintiff worked diligently

to build the CDMED Department. At all times relevant to this lawsuit the plaintiff was qualified for the position and performed in an excellent manner. In approximately April of 2009 the Defendant hired Mr. Johnny Wyatt as CDMED Program Coordinator. As Plaintiff's new supervisor, Mr. Wyatt wished to hire a younger individual and discussed this desire openly. The younger individual that was eventually hired to replace the Plaintiff, Ms. Jerri Cassada, was less qualified for the job than the Plaintiff. In an attempt to remove the Plaintiff and hire the younger Ms. Cassada, Mr. Wyatt attempted to find a way to terminate the Plaintiff's employment. He began by making unfounded criticism of the Plaintiff's job performance and attempting to manufacture a history of cause for termination. The Plaintiff's performance remained outstanding throughout her employment tenure. Eventually, the Defendant decided to change Plaintiff's job description and requirements so as to disqualify her from the position, although the essential functions of the job remained the same. For example, the new description required that the position be filled with a Registered Dietician, despite the fact that this requirement was unnecessary for the performance of the job. The Plaintiff was a Certified Diabetes Educator ("CDE"), a Registered Nurse of 39 years with a Bachelor's Degree in Health Care Administration, had prior management experience, multiple certifications, and a Master's Degree in Holistic Nutrition. She was extremely qualified for the position at issue. The Plaintiff explained to the Defendant that being a Registered Dietician was no longer a requirement for certification of the dietary program, but this did not matter to Mr. Wyatt, because the new requirement was a pretext to enable the Defendant to remove the Plaintiff and replace her with a younger employee. The Plaintiff had all of the qualifications and credentials for the job at issue, as well as tremendous experience, and was far more qualified than the younger employee Mr.

Wyatt wished to hire. The Plaintiff told Mr. Wyatt that she would check into becoming an RD, which would have eliminated this pretextual barrier to her filling the position. Mr. Wyatt terminated her employment before she could do so, in order to prevent her from satisfying this pretextual requirement prior to termination. The Plaintiff was told that her position was being eliminated, but the essential functions of the job are still being performed by a younger, lesser qualified individual. The explanations provided to the Plaintiff for the new job requirement, position title change, and her termination were a pretext for deliberate and willful age discrimination, entitling the Plaintiff to back pay, front pay, liquidated damages, attorney fees and costs.

2) DEFENDANT

Defendant denies that it discharged or otherwise discriminated against Plaintiff because of her age. Defendant hired Plaintiff as an RN Diabetes Educator in its Diabetes Center when she was 59 years old. Several months later, Defendant made a business decision to reclassify Plaintiff's position to that of Registered Dietician in order to do more outpatient education and thereby increase revenues. Defendant provided Plaintiff 30 days to apply for and obtain other employment with Defendant, but she did not. Only at the end of this 30-day period was Plaintiff's employment terminated, and she remains eligible for rehire. Revenues in the Diabetes Center have increased significantly since Plaintiff's departure, underscoring the wisdom of Defendant's business decision.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to

Fed. R. Civ. P. 26(a)(1) on or before September 7, 2011.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before April 6, 2012. All written discovery shall be served in sufficient time so that responses will be due on or before April 6, 2012. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before November 28, 2011.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before February 1, 2012. The defendant shall identify and disclose all expert witnesses and reports on or before March 2, 2012.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before May 4, 2012.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before February 24, 2012.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before May 25, 2012. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a

separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.     ELECTRONIC DISCOVERY:     The parties have reached agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.     ESTIMATED TRIAL TIME:     The parties expect the trial to last approximately 3 days.

It is so ORDERED.

_____
ALETA A. TRAUGER
U.S. District Judge

SUBMITTED FOR APPROVAL BY:

/s/Tracey A. Kinslow
Tracey A. Kinslow (No. 017098)
DRESCHER HELLER PIEPER MARTIN, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37203
Phone: (615) 425-7111
Facsimile: (615) 425-7110

*Attorney for Plaintiff*


/s/J. Craig Oliver
Charles J. Mataya (No. 12710)
J. Craig Oliver (No. 16838)
BRADLEY ARANT BOULT CUMMINGS LLP
P.O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 244-2582
Facsimile: (615) 252-6310

*Attorneys for Defendant*